THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLEN THOMAS STEWART, | CASE NO. C13-2043-JCC |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter comes before the Court on Petitioner's motions to strike the answer, (Dkt. No. 9), and to be appointed counsel to argue his issues related to his motions for default, his motion to strike, and his motion for default judgment. (Dkt. No. 10.) The Court previously denied Petitioner's motions for default and default judgment, and because Petitioner's various motions (apart from the underlying habeas petition) all relate to the government's failure to file a timely response to his habeas petition, the Court will similarly deny Petitioner's motion to strike the answer, and his motion to be appointed counsel related to those motions.[1]

---

[1] The Court notes that Petitioner has demonstrated that he has the ability to file clear and cogent documents with the Court, and has had no difficulty articulating his claims. Nor has he pointed to the possibility of success on the merits, as to his arguments regarding the government's delay. Thus, the Court does not find that "the interests of justice" require that the Court appoint an attorney to litigate the issue of whether the government's belated response requires that Petitioner be granted habeas relief. *See* 28 U.S.C. § 3006A(a)(2)(B).

ORDER
PAGE - 1

For the foregoing reasons, Petitioner's motion to strike the government's answer, (Dkt. No. 9), and his motion for the appointment of counsel as to the issue of whether the habeas petition should be granted due to the government's failure to file a timely response, (Dkt. No. 10), are DENIED.

The Court notes Petitioner also filed a reply to the government's response to his habeas petition. (Dkt. No. 15.) In it, he stated that he was in the process of "obtaining sworn affidavits from certain of the witnesses, supporting his factual allegations." (Dkt. No. 15 at 10.) However, he was "unable to obtain them before the filing was due." (*Id.*) He stated that he would supplement his response "with those sworn affidavits when he receives them from the witnesses." (*Id.*) The Court will not rule on the motion, and then re-consider it after affidavits have been submitted. Such a situation would raise difficult issues regarding successive habeas petitions and Rule 60 motions, and the Court may not be able to consider such evidence. The Court needs all relevant evidence before ruling on the habeas petition.

Accordingly, the Court hereby RE-NOTES Petitioner's habeas petition for consideration on August 1, 2014, to give Petitioner additional time to file the affidavits. If the Court has not received the affidavits by that date, then it will rule on the motion on the basis of the documents that have been submitted thus far. Alternatively, because the government delayed filing its response, the Court will consider a motion for an extension of time filed by Petitioner at that time. If Petitioner makes such a motion, he must request a specific date by which he will file the documents, rather than an open-ended period of time.

The Clerk is respectfully DIRECTED to send a copy of this Order to Petitioner.

//
//
//
//
//

1  DATED this 7th day of July 2014.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3