THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

GLEN THOMAS STEWART,

CASE NO. C13-2043-JCC

10

Plaintiff,

ORDER DENYING 28 U.S.C. § 2255
MOTION AND DISMISSING CASE
WITH PREJUDICE

11

v.

12

UNITED STATES OF AMERICA,

13

Defendant.

14

15    This matter comes before the Court on Petitioner Glen Thomas Stewart's motion under

16  U.S.C. § 2255 to vacate, set aside, or correct his sentence (Dkt. No. 1), his accompanying motion

17  for discovery (Dkt. No. 1), his motion for a video deposition of a material witness in a foreign

18  country (Dkt. No. 22), and his motion for an evidentiary hearing. (Dkt. No. 23.) Having

19  thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument

20  unnecessary and hereby DENIES the motions for the reasons explained herein.

21  **I.      BACKGROUND**

22    Mr. Stewart was convicted by jury verdict for one Count of conspiracy to distribute a

23  controlled substance and attempted possession of cocaine with attempt to distribute on July 25,

24  2012. He was sentenced to a term of imprisonment of 144 months and five years of supervised

25  release. (CR11-0120 Dkt. No. 1000 at 12.) The factual basis for the conviction involved Mr.

26  Stewart's actions in driving and unloading a car containing "sham" cocaine (fake cocaine used

ORDER DENYING 28 U.S.C. § 2255 MOTION
AND DISMISSING CASE WITH PREJUDICE
PAGE - 1

1   by law enforcement as part of an undercover cocaine investigation) that was linked to a drug

2   trafficking organization lead by Jacob Stuart and others. (CR11-0120 Dkt. No. 890.)

3        Mr. Stewart has steadfastly maintained that he was unaware of the contents of the boxes

4   that he transported and unloaded. He asserts that he was "only an innocent businessman who was

5   duped into holding property" for members of the drug conspiracy. (Dkt. No. 15 at 7.) Mr.

6   Stewart argues that he received ineffective assistance of counsel because his lawyer failed to

7   interview witnesses, potential witnesses, and/or alleged co-conspirators, and also failed to move

8   the Court for a Mitigating Role downward departure at sentencing. Mr. Stewart's § 2255 petition

9   is accompanied by a motion for discovery. (Dkt. No. 1 at 12.) He has also submitted motions for

10  a video deposition of his brother, Edward ("Ted") James Stewart, who is receiving treatment for

11  cancer in Canada, and for an evidentiary hearing. (Dkt. Nos. 22 and 23.) Petitioner claims that

12  his brother can offer evidence of actual innocence and further claims that an evidentiary hearing

13  is necessary to determine whether the government impermissibly threatened witnesses to prevent

14  them from testifying.

15  **II.      DISCUSSION**

16       **A.      Ineffective Assistance of Counsel**

17       A prisoner in custody under sentence of a court established by Act of Congress
18       claiming the right to be released upon the ground that the sentence was imposed
         in violation of the Constitution . . . may move the court which imposed the
19       sentence to vacate, set aside or correct the sentence.

20  28 U.S.C. § 2255(a). Furthermore, "[u]nless the motion and the files and records of the case

21  conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt

22  hearing thereon . . . ." *Id.* § 2255(b). On the other hand "[c]onclusory allegations which are not

23  supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d

24  20, 26 (9th Cir. 1994).

25

26

ORDER DENYING 28 U.S.C. § 2255 MOTION
AND DISMISSING CASE WITH PREJUDICE
PAGE - 2

1

2        The Sixth Amendment to the United States Constitution guarantees a criminal defendant

3  the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

4  To succeed on an ineffective assistance claim, Petitioner must show that counsel's performance

5  was (1) deficient and (2) prejudicial to the defense. *Id.* at 687. To meet the first requirement of

6  "objectively unreasonable performance," a convicted defendant must point to specific acts or

7  omissions by counsel that he believes not to be the product of sound professional judgment. *Id.* at

8  690. Counsel's performance must fall below an objective standard of reasonableness such that

9  "in light of all the circumstances, the identified acts or omission were outside the wide range of

10 professionally competent assistance." *Id.* at 687, 690. To satisfy the second requirement,

11 prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's

12 unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

13 "Judicial scrutiny of counsel's performance must be highly deferential" and courts must indulge

14 a "strong presumption that counsel rendered adequate assistance and made all significant

15 decisions in the exercise of reasonable professional judgment." *United States v. Palomba*, 31

16 F.3d 1456, 1460 (9th Cir. 1994).

17        In cases where an ineffective assistance of counsel claim is based on a failure to

18 investigate, "strategic choices made after less than complete investigation are reasonable

19 precisely to the extent that reasonable professional judgments support the limitations on

20 investigation. In other words, counsel has a duty to make reasonable investigations or to make a

21 reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case,

22 a particular decision not to investigate must be directly assessed for reasonableness in all the

23 circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466

24 U.S. at 690-91. The petitioner must overcome the "strong presumption that . . . under the

25 circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689. "Not

26 'must,' not 'would,' but 'might.'" *Carrera v. Ayers,* 670 F.3d 938, 951 (9th Cir. 2011) (quoting

1   *Strickland*, 466 U.S. at 690-91).

2         **1.  Failure to Interview Witnesses**

3        Mr. Stewart first claims ineffective assistance of counsel based on his original lawyer's

4   failure to interview a series of witnesses who, he believes, could have provided evidence that

5   would have either demonstrated Mr. Stewart's factual innocence or raised sufficient doubt about

6   the prosecution's case so as to have swayed the jury's decision and altered the outcome of the

7   trial. Specifically, he argues that his lawyer should have interviewed Shawn Alexander

8   (Stewart's company's lawyer), Rob Jensen (his cellmate at the Seattle Detention Center), Ted

9   Stewart (his brother), and "Sonny" (a debt collector for the Hell's Angels whose last name is

10  unknown). There is some dispute as to whether Mr. Stewart's lawyer *did* interview any of these

11  people, and Mr. Stewart requests an evidentiary hearing in order to question his defense counsel

12  to resolve this dispute. The difficulty with Mr. Stewart's claim is that he has not provided

13  sufficient basis to indicate that any of the potential witnesses he mentions would have offered

14  testimony that could have changed the outcome of the case. He has not established that the

15  failure to interview these witnesses, if there was in fact such a failure, was objectively

16  unreasonable or prejudicial.

17       Mr. Stewart argues that Shawn Alexander should have been interviewed because he

18  could have offered testimony that Mr. Stewart was "duped into helping the [drug trafficking]

19  organization by thinking it was only a normal business transaction." (Dkt. No. 15 at 5.) While

20  Mr. Stewart indicates that Mr. Alexander had intimate knowledge of Mr. Stewart's finances, and

21  was a close friend, (Dkt. No. 21 at 5) he fails to provide or allege any facts that would indicate

22  how, exactly, Mr. Alexander would have known that Mr. Stewart was duped into aiding the

23  conspiracy. Mr. Stewart moved this Court for time to obtain "sworn affidavits from certain of the

24  witnesses, supporting his factual allegations" (Dkt. No. 15 at 10) but, despite multiple extensions

25  of time, has not provided an affidavit from Mr. Alexander that could substantiate the claim that

26  he would be able to offer testimony establishing Mr. Stewart's innocence. Without more, Mr.

ORDER DENYING 28 U.S.C. § 2255 MOTION
AND DISMISSING CASE WITH PREJUDICE
PAGE - 4

1   Stewart's claim about the potential value of Mr. Alexander's testimony rests on wholly

2   "conclusory allegations" insufficient to warrant habeas relief under *James v. Borg*. 24 F.3d at

3   26.[1]

4         Similar issues prove fatal to Mr. Stewart's claims about the need to interview the other

5   witnesses he mentions. The petition claims that Rob Jensen, who was involved with the same

6   conspiracy, "had knowledge of how the organization would incorporate innocent individuals

7   without their knowledge," (Dkt. No. 15 at 5) and that he "knew I was only one in a long line of

8   legitimate business owners who had been duped into providing services for the conspiracy

9   without their knowledge." (Dkt. No. 21 at 6.) Once again, without a supporting affidavit from

10  Mr. Jensen to bolster his claims, this is merely a conclusory allegation insufficient to warrant

11  habeas relief. Moreover, it is certainly possible that Mr. Stewart's lawyer might have had a

12  strategic reason for thinking that there was no need to interview a co-conspirator, who may have

13  been reluctant to testify, and whose testimony might have carried little weight with a jury.

14        The petition's claim about the need to have interviewed "Sonny" is even less persuasive.

15  The petition merely asserts that "Sonny" had "intimate knowledge of the conspiracy and could

16  testify as to [Stewart's] actual innocence" and that he could corroborate the [hoped for]

17  testimony of Alexander and Jenkins. Again, Mr. Stewart has provided no affidavit or other

18

19

20        [1] The lack of a supporting affidavit from Mr. Alexander distinguishes this case from *Riley v. Payne*, which Mr. Stewart relies upon. 353 F.3d 1313 (9th Cir., 2003). In *Riley*, the

21  defendant's lawyer failed to interview an eyewitness who might have corroborated the defendant's self-defense claim. The petitioner provided the district court with a declaration from

22  the eyewitness explaining exactly how he would have testified and stating that he had never been contacted by the petitioner's lawyer. The *Riley* court found that the detailed information

23  contained in the declaration was sufficient to establish ineffective assistance of counsel and prejudice. In contrast, here there is no clear indication what Mr. Alexander would have said, and

24  it is unclear what basis he would have had for knowing that Mr. Stewart was innocent. *Riley* stands not only for the proposition that defense lawyers have an obligation to interview

25  corroborating witnesses, but also for the proposition that "counsel need not interview every possible witness to have performed proficiently." *Id*. at 1318 (citing *LaGrand v. Stewart*, 133

26  F.3d 1253, 1274 (9th Cir. 1998)).

ORDER DENYING 28 U.S.C. § 2255 MOTION
AND DISMISSING CASE WITH PREJUDICE
PAGE - 5

1  reason to think that "Sonny" actually *would* have provided the corroboration he mentions.

2  The only witness affidavit that Mr. Stewart did submit in support of his petition comes

3  from his brother, Edward ("Ted") James Stewart. (Dkt. No. 21.) Ted Stewart's affidavit is meant

4  to address two issues: the petition claims that Ted Stewart can testify to Glen Stewart's

5  innocence, and that he can provide evidence that the government impermissibly threatened

6  witnesses in an effort to prevent them from testifying. (Dkt. No. 15 at 5-6.) However, the

7  affidavit does not provide compelling information about either issue.

8  First, there is little in the affidavit to support the claim that Ted Stewart could substantiate

9  Petitioner's actual innocence. The affidavit *does* state that "[i]f evidence was provided which

10  suggested that my brother Glen was engaged in criminal activities with respect to my business, I

11  categorically deny that allegation and if the allegation was made in court, it is false." (Dkt. No.

12  21 at 3 ¶ 5.) However, Glen Stewart was *not* convicted for criminal activities involving his

13  brother's business, so this point is irrelevant. The affidavit also claims that Petitioner "was not

14  associated with the Hells Angels" but this claim appears to be based on Glen Thomas's

15  knowledge about the nature of his *own* business dealings in Canada, rather than on his

16  knowledge about his brother's activities, as he goes on to say that "my business is not associated

17  with the Hells Angels" and to provide details about why someone might have the mistaken

18  assumption that this is not the case. (*Id*. at 3 ¶ 6.) The closest that the affidavit comes to offering

19  exculpatory evidence is the statement that "it is my belief that my brother did not knowingly

20  engage in any conspiracy with respect to trafficking in cocaine." (Id. at 4 ¶ 9.) In short, there is

21  very little in the affidavit to indicate that Glen Thomas had any basis for establishing his

22  brother's innocence.

23  Second, while Ted Stewart's affidavit firmly refutes the notion that he used his trucking

24  company to engage in criminal activity, it does *not* establish that Ted Stewart was ever

25  threatened by the government. In the affidavit, Ted Stewart states that "*I am advised by Glen*

26  *Stewart* and do verily believe that the prosecuting attorney advised the court that as part of my

ORDER DENYING 28 U.S.C. § 2255 MOTION
AND DISMISSING CASE WITH PREJUDICE
PAGE - 6

1  warehousing and distribution business I use trucks to cross the border between Canada and the

2  United States to pick up cocaine that was at my brother's business in the State of Washington. I

3  categorically deny that allegation."  (*Id*. at 2 ¶ 3. Emphasis added.) This passage suggests that

4  Ted Stevens only learned of the prosecution's theories about his own criminal activities from his

5  brother. The affidavit therefore cannot support Petitioner's claim that "the Government

6  threatened to have [Ted Stewart] arrested if he came to the U.S. to testify, saying that he was

7  involved in the conspiracy because his trucks ran drugs across the border." (Dkt. 15 at 5.)

8      Because Ted Stewart's affidavit does not provide substantial support indicating either

9  that Petitioner is innocent or that the government engaged in misconduct, it does not establish

10  that the failure to interview Ted Stewart was ineffective assistance of counsel. Moreover,

11  because Ted Stewart is the only witness Petitioner identifies who was allegedly threatened by the

12  government, and because his affidavit does not claim direct knowledge of this threat, there is no

13  basis for an evidentiary hearing into this matter.

14      **2.   Failure to Request Mitigating Role at Sentencing**

15      Mr. Stewart next claims ineffective assistance of counsel based on his lawyer's failure to

16  ask for a "minimal participant" -4 level downward adjustment, pursuant to USSG § 3B1.2.

17  However, defense counsel did request a -2 downward adjustment for a "minor participant,"

18  which this Court did not grant. Because the request for a less significant reduction was rebuffed,

19  it was not ineffective assistance of counsel to fail to request a more significant reduction which

20  was unlikely to be granted.

21      Mr. Stewart also argues that his trial counsel impermissibly admitted Mr. Stewart's guilt

22  when he asked for the minor participant adjustment and declared in the defendant's sentencing

23  memorandum that "[t]he Defendant's activity in this case constitutes that of a 'mule'

24  transporting the drugs from one location to another. He clearly was not an organizer, leader,

25  manager, or supervisor." (Dkt. 892 at 2.) However, in the context of the document, this statement

26  is clearly intended as a comment about the charged underlying conduct accounting for the

ORDER DENYING 28 U.S.C. § 2255 MOTION
AND DISMISSING CASE WITH PREJUDICE
PAGE - 7

1    offense that Mr. Stewart was convicted for, rather than an admission of guilt. Indeed, at other

2    points in the same document, Mr. Stewart's lawyer was quite clear that he was *not* admitting to

3    the guilt of his client. For example, he asked "[i]f Mr. Stewart made up the statements to which

4    he testified at trial, why would he not have come up with a better story?" and he stated that

5    "counsel is very much aware of how 'outlandish' Mr. Stewart's testimony was, but that does not

6    mean it was not true." (*Id.* at 5.) This was not objectively unreasonable performance constituting

7    ineffective assistance of counsel.

8           **B.      Video Deposition**

9           Mr. Stewart requests a video deposition of his brother, Glen Stewart, because Glen

10   Stewart is receiving cancer treatment in Canada and cannot travel. (Dkt. No. 22.) He also

11   requests appointment of counsel to conduct the deposition. The point of the deposition would be

12   to provide additional information about Petitioner's innocence and about government

13   misconduct. However, as discussed above, there is no indication that Glen Stewart actually has

14   relevant information about either of these points. There is consequently no need for him to be

15   deposed on these matters, and no need for appointment of counsel to conduct the deposition.

16   **III.   CONCLUSION**

17          "[T]he motion and the files and records of the case conclusively show that [Mr. Stewart]

18   is entitled to no relief" under § 2255. The Court therefore DENIES Mr. Stewart's motion (Dkt.

19   No. 1), DENIES as moot his requests for discovery, a video deposition of his brother, counsel,

20   and an evidentiary hearing (Dkt. Nos. 22 and 23), and DISMISSES this case with prejudice. The

21   Court respectfully DIRECTS the Clerk to CLOSE this case and send a copy of this order to Mr.

22   Stewart.

23          //

24          //

25          //

26

ORDER DENYING 28 U.S.C. § 2255 MOTION
AND DISMISSING CASE WITH PREJUDICE
PAGE - 8

1    DATED this 22nd day of October 2014.

2

3

4

5

6

7
John C. Coughenour
8    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING 28 U.S.C. § 2255 MOTION
AND DISMISSING CASE WITH PREJUDICE
PAGE - 9